UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY DEEGAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 3:19cv1356(MPS) |
| | : |
| OFFICER JOHN DOE #1, ET AL., | : |
| | : |
| Defendants. | : |

**<u>INITIAL REVIEW ORDER</u>**

The plaintiff, Anthony Deegan, is incarcerated at the Garner Correctional Institution. He has filed a civil rights complaint under 42 U.S.C. § 1983 against Correctional Officer John Doe #1 ("Officer #1"), Correctional Officer John Doe #2 ("Officer #2"), Lieutenant John Doe #3 ("Lieutenant #3"), and Nurse Jane Doe #1 ("Nurse #1"). He also seeks the appointment of *pro bono* counsel. For the reasons set forth below, the court will dismiss the complaint in part and will grant the motion for appointment of counsel.

**I.     Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II.   Facts

On October 3, 2018, at Cheshire Correctional Institution, Officers #1 and #2 opened the door to Inmate Hallett's cell on the bottom tier of North Block #3, Inmate Hallett exited his cell, and proceeded up the stairs to the top tier to find the plaintiff. *See* Compl. at 4 ¶¶ 15-17. At that time, the plaintiff was using the telephone on the top tier. *Id.* ¶ 15. *Id.* Inmate Hallett located the plaintiff and began to assault him. *Id.* ¶ 17. The plaintiff attempted to defend himself. *Id.* at 5 ¶ 19.

Officers #1 and #2 called a code to summon other staff members to the area where the plaintiff and Inmate Hallett were fighting. *Id.* ¶ 18. Officers #1 and #2 attempted to break up the fight before additional staff members arrived. *Id.* ¶ 19.

The plaintiff put his hands up when Officers #1 and #2 directed him to stop fighting. *Id.* ¶ 20. At that point, Officers #1 and #2 sprayed the plaintiff in the face and upper body with a chemical agent. *Id.* ¶ 21. Although the plaintiff was not resisting or acting in an aggressive

manner, Officers #1 and #2 threw him on the ground. *Id.* ¶ 22.

After Lieutenant #3 arrived at the scene, he escorted the plaintiff to the medical area. *Id.* at 7 ¶ 31. The plaintiff complained of head pain and pain from the effects of the chemical agent. *Id.* Nurse #1 conducted a limited medical exam and cleared the plaintiff to be placed in a cell in the restrictive housing unit. *Id.* ¶¶ 31-32. Nurse #1 did not provide the plaintiff with any treatment. *Id.* ¶ 32. Nor did she refer the plaintiff to be seen by a doctor regarding his complaints of head pain. *Id.*

During the plaintiff's escort to the restrictive housing unit, Lieutenant #3 ordered other correctional employees to decontaminate him from the effects of the chemical agent. *Id.* ¶ 33. The correctional employees placed the plaintiff in a shower for a few seconds. *Id.* This limited attempt to decontaminate the plaintiff was unsuccessful and the plaintiff continued to experience pain from the chemical agent residue on his skin after he arrived in the restrictive housing unit. *Id.* ¶ 34.

Since the incident involving his altercation with Inmate Hallett, the plaintiff has suffered from pain due to an injury he sustained to his head. *Id.* ¶ 35. In addition, he has experienced and sought treatment for chronic headaches and intermittent photosensitivity. *Id.*

### III. Discussion

The plaintiff contends that the defendants violated his Eighth and Fourteenth Amendments rights in various ways. Officers #1 and #2 used excessive force against him, Lieutenant #3 failed to intervene to protect him from the use of force by Officers #1 and #2, Officers #1 and #2 and Lieutenant #3 were deliberately indifferent to his health and safety by failing to protect him from harm, and Lieutenant #3 and Nurse #1 were deliberately indifferent to

his medical needs and health. The plaintiff also alleges that the conduct of Officers #1 and #2 constituted assault and battery under Connecticut law. He seeks injunctive relief from the defendants in their official capacities and compensatory and punitive damages from the defendants in their individual capacities.

A. **Fourteenth Amendment**

The plaintiff alleges that at the time of the incidents described in the complaint, he was a sentenced prisoner. *See* Compl. at 2 ¶ 3. Thus, the Eighth Amendment and not the Fourteenth Amendment is applicable to the plaintiff's claims of excessive force, failure to protect and deliberate indifference to medical needs and safety. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) ("After conviction, the Eighth Amendment 'serves as the primary source of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and unjustified.'") (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("A sentenced inmate, on the other hand, may be punished, although that punishment may not be "cruel and unusual" under the Eighth Amendment.").

There are no allegations that the defendants violated the plaintiff's rights under the Due Process Clause of the Fourteenth Amendment. Thus, the Fourteenth Amendment is relevant only to the extent that it applies the Eighth Amendment to state officials. *See Graham*, 490 U.S. at 395 (generalized notion of substantive due process under Fourteenth Amendment not applicable where other amendment provides explicit textual source of constitutional protection against alleged government conduct). Accordingly, to the extent that the plaintiff is asserting a substantive due process claim under the Fourteenth Amendment, the claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

4

### B. Eighth Amendment – Excessive Force and Failure to Intervene

In *Hudson v. McMillian*, 503 U.S. 1 (1992), the Supreme Court established the minimum standard to be applied in determining whether force by a correctional officer against a sentenced inmate states a constitutional claim under the Eighth Amendment in contexts other than prison disturbances. When an inmate alleges that excessive force has been used against him by a prison official, he has the burden of establishing both an objective and subjective component to his claim. *See Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).

To meet the objective component, the inmate must allege that the defendant's conduct was serious enough to have inflicted more than "de minimis" injury. *Hudson*, 503 U.S. at 9-10 (internal quotation marks and citation omitted). The subjective component requires the inmate to show that the prison officials acted wantonly and focuses on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7 (citing *Whitley*, 475 U.S. at 320-321). The court considers factors including "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7 (internal quotations and citation omitted).

To state a claim for a prison official's failure to intervene, a plaintiff must allege facts showing that: "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) [the officer knew] that the victim's constitutional rights were being violated; and (3) the officer [did] not take reasonable steps to intervene." *See Jean–Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008), *aff'd sub nom. Jean-Laurent v. Wilkerson*, 461 F. App'x 18 (2d Cir. 2012). "Liability attaches on the theory that the officer, by failing to intervene, becomes a 'tacit

collaborator' in the illegality." *Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016) (quoting *O'Neill v. Krzeminski*, 839 F.2d 9, 11–12 (2d Cir. 1988).

The plaintiff alleges that even though he complied with the orders of Officers #1 and #2 to stop fighting with Inmate Hallett, they sprayed him in the face and body with a chemical agent and threw him to the ground. The plaintiff suffered an injury to his head and continues to experience chronic headaches, head pain, and photosensitivity. These allegations state plausible claims that Officers #1 and #2 used force for the purpose of causing the plaintiff pain or discomfort rather than for a legitimate penological purpose. Accordingly, the excessive force claims will proceed against Officers #1 and #2 in their individual capacities. The claim that Lieutenant #3 stood by and failed to intervene to prevent Officers #1 and #2 from using excessive force against the plaintiff will proceed as well.

### C. Eighth Amendment – Deliberate Indifference to Health and Safety

Although the Constitution does not require "comfortable" prison conditions, it does not permit prison officials to maintain conditions that inflict "unnecessary and wanton pain" or that result in the "serious deprivation of basic human needs ... or the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To state a claim of failure to protect or deliberate indifference to health or safety due to unconstitutional conditions of confinement, an inmate must demonstrate both an objective and a subjective element. To meet the objective element, the inmate must allege that he was incarcerated under a condition or a combination of conditions that resulted in a "sufficiently serious" deprivation of a life necessity or a "human need[]" or posed "a substantial risk of serious harm" to his health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347.

To meet the subjective element, an inmate must allege that the defendants possessed culpable intent; that is, the defendants knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *See Farmer*, 511 U.S. at 834, 837. Thus, an allegation of "mere negligen[t]" conduct is insufficient. *Id.* at 835. Rather, the subjective element requires that the inmate allege that the defendants acted with the "mental state equivalent to subjective recklessness as that term is used in criminal law." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

### 1. Officers #1 and #2 – Failure to Protect from Assault

The plaintiff alleges that Officers #1 and #2 failed to protect him from the assault by Inmate Hallett. The Supreme Court has held that prison officials must "take reasonable measures to guarantee the safety of inmates in their custody" and to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 832-33. There are no allegations to suggest that either Officer #1 or Officer #2 was aware that Inmate Hallett intended to or was likely to assault the plaintiff. *See Vega v. Allen*, No. 17-CV-6643L, 2018 WL 4954118, at *2 (W.D.N.Y. Oct. 12, 2018) (absent allegations that officer "had knowledge that [inmate] faced a substantial risk of serious harm at the hands of another inmate prior to the assault," inmate did not state a claim of failure to protect or deliberate indifference to safety under the Eighth Amendment). The fact that the officers may have been negligent in releasing Inmate Hallett from his cell on the bottom tier during the top tier's recreation period does not state a claim of deliberate indifference to the plaintiff's safety. *See Farmer,* 511 U.S. at 835 (noting that deliberate indifference requires "s state of mind more blameworthy than negligence"). The failure to protect/deliberate indifference to safety claim against Officers #1 and #2 is dismissed.

*See* 28 U.S.C. § 1915A(b)(1).

### 2. Lieutenant #3 - Failure to Prevent Use of Force

The plaintiff alleges Officers #1 and #2, who were assigned to oversee North Block #3, were not permitted to carry cannisters of a chemical agent. The plaintiff contends that Lieutenant #3 had conducted one or two tours of North Block #3 prior to the altercation between himself and Inmate Hallett and should have known that Officers #1 and #2 "were in possession of unauthorized cannisters of a chemical agent." Compl. at 6. Allegations that Lieutenant #3 should have appreciated a risk to his safety are not sufficient to state a claim that Lieutenant #3 consciously disregarded an excessive risk of harm to the plaintiff's health or safety. *See Farmer*, 511 U.S. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not ... [cannot] be condemned as the infliction of punishment."). The plaintiff has not asserted allegations that would support the inference that Lieutenant #3 had actual subjective knowledge of an excessive risk to his safety and chose to disregard that risk.

Furthermore, any allegation that Lieutenant #3 was negligent in failing to notice, during his tours of the unit, that Officers #1 and #2 possessed cannisters of a chemical agent is not actionable in a section 1983 action. *See id.* at 835. The claim that Lieutenant #3 was deliberately indifferent to the plaintiff's safety for neglecting to notice that Officers # 1 and #2 were carrying cannisters of a chemical agent is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### 3. Lieutenant #3 – Decontamination from Chemical Agent

The plaintiff alleges that after Nurse #1 cleared him to be placed in the restrictive housing unit, Lieutenant #3 ordered correctional employees to decontaminate him from the effects of the chemical agent that Officers #1 and #2 had sprayed on his face and upper body. The correctional

employees placed him "under an indirect contact shower for a matter of seconds." Compl. at 7 ¶ 33. The plaintiff alleges that he suffered pain due to the inadequate attempts to decontaminate him. There are no allegations that the plaintiff made Lieutenant #3 aware that the other employees' attempts were inadequate or informed Lieutenant #3 that he continued to suffer from pain as a result of the chemical agent. Thus, as alleged, the facts do not state a claim that after the initial attempt to decontaminate the plaintiff, Lieutenant #3 was aware of and disregarded a substantial risk of harm to his health. The Eighth Amendment deliberate indifference claim against Lieutenant #3 is dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

### D. Eighth Amendment – Deliberate Indifference to Medical Needs

The Eighth Amendment prohibits "'deliberate indifference'" by medical providers to an inmate's "'serious medical needs'" as well as an inmate's need for mental health care. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). To state a claim for deliberate indifference to a serious medical or mental health need, a plaintiff must meet a two-pronged test. Under the objective prong, the inmate's medical need or condition must be "a serious one." *Brock v Wright*, 315 F.3d 158, 162 (2d Cir. 2003). The second prong is subjective. Under this prong, the plaintiff must allege that the medical staff member or prison official "act[ed] or fail[ed] to act while *actually aware* of a substantial risk that serious inmate harm w[ould] result." *Spavone*, 719 F.3d at 138 (internal quotation marks and citation omitted).

The plaintiff claims that he suffered a head injury during the incident involving his altercation with Inmate Hallett and that he experienced pain from the chemical agent that Officers #1 and #2 sprayed in his face and on his upper body. The court concludes that the

9

plaintiff has plausibly alleged that he suffered from one or more serious medical conditions at the time that Nurse #1 examined him. *See Sadowski v. Dyer*, No. 3:18-CV-1074(KAD), 2019 WL 2085994, at *7 (D. Conn. May 13, 2019) (severe head pain and headaches, "possible concussion[,]" and "intermittent dizziness and blurred vision" constituted medical conditions that were plausibly serious); *Parsons v. City of New York*, No. 17-CV-2707 (MKB), 2017 WL 2656135, at *3 (E.D.N.Y. June 19, 2017) ("Injuries or pain resulting from being sprayed with mace sufficiently establish the existence of a serious medical need deserving of medical attention.")

The plaintiff has also asserted enough facts to state a plausible claim that he made Nurse #1 aware of his medical conditions or symptoms, a head injury and the painful effects of the chemical agent on his skin, but she failed to provide him with or facilitate treatment for the conditions or symptoms. *See, e.g.*, *Al-Bukhari v. Semple*, No. 3:16-CV-1428 (SRU), 2017 WL 2125746, at *4 (D. Conn. May 16, 2017) (prisoner stated Eighth Amendment claim for deliberate indifference to serious medical needs by "alleg[ing] that he informed the correctional officers and nurses that he was suffering from extreme pain as a result of being sprayed with a chemical agent and the staff repeatedly denied his requests for an adequate shower to clean himself and decontaminate the agent.") The Eighth Amendment deliberate indifference to medical needs claim will proceed against Nurse #1 in her individual and official capacities.

### E. State Law Claims - Assault and Battery

The plaintiff alleges that the conduct of Officers #1 and #2 in spraying him in the face and body with a chemical agent and throwing him to the ground constituted the torts of assault and battery. In Connecticut, there are two elements of the tort of civil assault: (1) the defendant

must have "intend[ed] to cause a harmful or offensive contact . . . or an imminent apprehension of such contact," with another person, and (2) the other person was actually "put in imminent apprehension" as a result of the contact. *See Simms v. Chaisson*, 277 Conn. 319, 331, 890 A.2d 548, 555-56 (2006) (internal quotation marks and citation omitted). The tort of battery also requires two elements: (1) the defendant must have "intend[ed] to cause a harmful or offensive contact . . . or an imminent apprehension of such contact," with another person, and (2) "a harmful contact with the" other person results either "directly or indirectly." *Id.* at 331, 890 A.2d at 555 (internal quotation marks and citation omitted).

Because the court has concluded that the claims of excessive force should proceed against Officers #1 and #2 and those claims are based on the same facts as the assault and battery claims, the court will exercise supplemental jurisdiction over the state law assault and battery claims. Those claims will proceed against Officers #1 and #2 in their individual and official capacities.

## ORDERS

The court enters the following orders:

**(1)** The Fourteenth Amendment substantive due process claim, the Eighth Amendment claim that Officers #1 and #2 failed to protect the plaintiff from assault by Inmate Hallett and the Eighth Amendment claim that Lieutenant #3 was deliberately indifferent to the plaintiff's safety for failing to notice that Officers #1 and #2 were carrying cannisters of a chemical agent are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and the Eighth Amendment claim that Lieutenant #3 was deliberately indifferent to the plaintiff's health by failing to take further steps to decontaminate him is **DISMISSED** without prejudice pursuant to

11

28 U.S.C. § 1915A(b)(1). The Eighth Amendment excessive force claims will proceed against Officer #1 and Officer #2 in their individual and official capacities, the Eighth Amendment claim of failure to intervene will proceed against Lieutenant #3 in his individual and official capacities, and the Eighth Amendment deliberate indifference to medical needs claim will proceed against Nurse #1 in her individual and official capacities. The court will exercise supplemental jurisdiction over the state law assault and battery claims asserted against Officers #1 and #2 in their individual and official capacities.

**(2)** The court informs the plaintiff that the Clerk is unable to serve the complaint on the John or Jane Doe defendants without knowing their first and last names. The plaintiff has moved for the appointment of counsel for the limited purpose of assisting him in ascertaining the names of the Doe defendants and filing an amended complaint. The court concludes that a limited appointment of *pro bono* counsel is warranted. Accordingly, the motion for limited appointment of counsel, [**ECF No. 7**] is **GRANTED**. The Clerk is directed to appoint *pro bono* counsel for the limited purpose of assisting the plaintiff in ascertaining the names of the Doe defendants and filing an amended complaint that lists the defendants by their first and last names.

The amended complaint should include the allegations supporting the Eighth Amendment claims against the Doe defendants that the court has concluded should proceed, namely the excessive force claims against Officers #1 and #2, the deliberate indifference to medical needs claim against Nurse #1, and the failure to intervene claim against Lieutenant #3. The plaintiff may also reassert the claim that Lieutenant #3 failed to properly decontaminate him from the effects of the chemical agent if he can allege facts to show that Lieutenant #3 was aware that the initial attempt to decontaminate him was not successful and that Lieutenant #3 disregarded any

12

of his further requests to be decontaminated.  The court directs *pro bono* counsel to file an amended complaint within (60) sixty days of the date of his or her appointment.

SO ORDERED at Hartford, Connecticut this 13th day of November, 2019.

_____/s/_____
Michael P. Shea
United States District Judge